No. 13426

IN THE SUPREME COURT OF THE STATE OF MONTANA

1976

---

JOHN DOE, a Minor, by LAWRENCE H.
SVERDRUP, his Guardian Ad Litem,

Plaintiff and Respondent,

-vs-

DOLORES COLBURG, Superintendent of
Public Instruction and the STATE OF
MONTANA,

Defendants and Appellants.

---

Appeal from: District Court of the Eleventh Judicial District,
Honorable Robert Sykes, Judge presiding

Counsel of Record:

For Appellants:

Hon. Robert L. Woodahl, Attorney General, Helena,
Montana
Lon J. Maxwell argued, Assistant Attorney General,
Helena, Montana
Corbin W. Howard appeared, Helena, Montana

For Respondent:

Williams and Sverdrup, Libby, Montana
Lawrence H. Sverdrup argued, Libby, Montana

---

Submitted: September 13, 1976

Decided: OCT 19 1976

Filed:

Thomas J. Kearney
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This appeal comes from an order and judgment of the district court, Lincoln County, ordering the state superintendent of public instruction to provide funds to treat respondent, an emotionally disturbed child, out of special education monies.

The matter was submitted to the district court on an agreed statement of facts and issues.

The minor involved was a 15 1/2 year old male at the time of the order of May 19, 1976. His life from the time he was abandoned at birth by his mother, has been one of tragic circumstances. Due to these circumstances he developed a serious behavioral pattern that brought him to the attention of the juvenile court system. John Doe has been in several institutions, including the Pine Hills School at Miles City, where psychological studies showed him in need of special treatment.

At the time of the hearing, John Doe was a student in high school, living with his stepmother and his stepbrother and stepsisters. A guardianship was provided to care for him. Fortunately for this young person, Lawrence H. Sverdrup the attorney who was appointed as guardian, took a great interest in him and has gone to great lengths to find assistance for him. He found the school district had previously submitted a recommended special education plan to defendant state superintendent for another student; that such plan had been approved and that funds had been forwarded to the school district. The guardian further found that for some reason the plan never came into being and the money was held by the school district.

During this period, the guardian learned of a behavioral modification program of a Dr. Kuska in Denver, Colorado, that he felt was worth trying in an effort to save the boy. He applied for and received from the school board approval to use the above funds to treat John Doe in a special education program. The plan was to take the boy to Denver for two weeks treatment with the initial cost to be about $2,500 plus follow-up supportive costs of unknown amounts. The plan was submitted to the office of the state superintendent and turned down as an improper expenditure of educational funds under Chapter 78, Title 75, R.C.M. 1947.

The issue before this Court is whether special education funding can be used to provide psychiatric-medical treatment outside the state of Montana?

Title 75, Chapter 78, R.C.M. 1947, provides for special education for exceptional children in Montana. Section 75-7803 gives the superintendent of public instruction supervision over and coordination of the conduct of special education. Section 75-7803(8), specifically requires that the superintendent approve those special education classes or programs "which comply with the laws of the state of Montana, policies of the board of public education, and the regulations of the superintendent of public instruction".

Section 75-7806(5) allows the local school board district trustees power to establish and maintain a special education program for "individual children requiring special education such as home or hospital tutoring, school-to-home telephone communications, or other individual programs". (Emphasis added.) In addition, following the statutory position set by Title 75, Chapter 78, the State Board of Education adopted rules and regulations

to implement the carrying out of the program. Rule 7.5 of the Special Education Rules and Regulations Reference Manual pertaining to out-of-district services states:

> "The public school is only responsible for room and board and the <u>educational kinds of costs</u>. Other services such as <u>psychiatric therapy and/or medical assistance</u> must be deleted from the special education costs and borne by parents and/or other agencies." (Emphasis added.)

This Court has on several occasions considered the interpretative regulations by administrative agencies charged with the duty of administering and enforcing a legislative act, for an understanding of the provisions that must be carried out. Butte Miner's Union No. 1 v. Anaconda Copper Mining Co., 112 Mont. 418, 430, 118 P.2d 148; State v. King Colony Ranch, 137 Mont. 145, 151, 350 P.2d 841; Montana Consumer Counsel v. Public Service Commission, _____Mont._____, 541 P.2d 770, 774, 32 St. Rep. 1026. While such administrative interpretations are not binding on the courts, they are entitled to respectful consideration.

Here, we find that Rule 7.5 is reasonable and entirely consistent with the carrying out of the legislative direction of Montana's statutes set forth in Title 75, Chapter 78, R.C.M. 1947.

The judgment and order of the district court is set aside and the motion to dismiss is granted.

_____
Justice.

We Concur:

_James T. Harrison_
Chief Justice

_Frank I. Haswell_
Justice.